# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERWOOD ENERGY, LLC, <br><br>  Plaintiff, <br><br> v. <br><br> WESTERN STATES INTERNATIONAL, INC., et al., <br><br>  Defendants. <br><br> AND RELATED COUNTER-CLAIMS | Case No.: 1:15-cv-01736 DAD JLT <br><br> ORDER TO PLAINTIFF RIVERWOOD ENERGY, LLC TO APPEAR THROUGH COUNSEL WITHIN 21 DAYS |

On November 17, 2015, this matter was removed to this court. (Doc. 1) However, Plaintiff—a corporation—has failed to appear through counsel. Indeed, it appears that Riverwood has not had counsel for quite some time. (Doc. 15)

"It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." D Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973 74 (9th Cir. 2004) (citation and quotation marks omitted, second modification in original); LR 183(a). Further, a court may sanction corporate defendants by dismissing the action or striking its answer and entering default. See Galtieri Carlson v. Victoria M. Morton Enters., Inc., 2010 U.S. Dist. LEXIS 95335, at *3 (E.D. Cal. Aug. 26, 2010) (sanctioning corporate defendants by striking their answer when they failed to retain alternate counsel after the withdrawal of their original counsel); Rojas v.

1

Hawgs Seafood Bar, Inc., 2009 U.S. Dist. LEXIS 41435 at *2 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it").

Therefore, the Court **ORDERS**:

1. **Within 21 days,** counsel for the corporation, Riverwood Energy, LLC, **SHALL** enter an appearance in this matter.

**Plaintiff is advised that the failure to comply with this order or the failure of the corporation to appear through counsel will result in the action being dismissed without further notice.**

IT IS SO ORDERED.

Dated: **December 23, 2015**          /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE