UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERWOOD ENERGY, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WESTERN STATES INTERNATIONAL, INC. et al.,<br><br>　　　　　Defendants. | No.  1:15-cv-01736-DAD-JLT<br><br>ORDER STRIKING REQUESTS FOR DISMISSAL BY DEFENDANTS DEREK M. WILLSHEE AND JAMES R. ZADKO<br><br>(Doc. Nos. 10–13) |

On December 31, 2015, defendants Derek M. Willshee and James R. Zadko, proceeding *pro se*, filed separate and nearly identical requests to dismiss this action.[1]  (Doc. Nos. 10–13.)  As defendants are pro se litigants, the court has an obligation to construe such pleadings liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, after considering their requests for dismissal (which may be liberally interpreted as motions to dismiss), this court concludes that defendants' requests are deficient under the Local Rules and do not state cognizable grounds for dismissal of the action.  Accordingly, for the reasons stated below, the court strikes defendants' requests.

/////

---

[1] Defendants filed their requests for dismissal, which are accompanied by declarations in support thereof, on forms that appear to be adopted for use by California state courts.

1

1    Local Rule 230(b) requires that a moving party "shall file a notice of motion, motion,
2 accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the
3 moving party intends to submit in support of the motion."  The matter also must be set for hearing
4 not less than twenty-eight (28) days after service and filing of the motion.  As a motion,
5 defendants' requests for dismissal do not include a notice of motion, nor do they set a date for
6 hearing.  Defendants' requests are therefore procedurally deficient.

    The court further finds that defendants' requests, liberally interpreted, do not provide a
cognizable basis to dismiss the case against them at this stage of the litigation.  To the extent
defendants wish to attack the plaintiff's claims as pled in the complaint (*see* Doc. No. 1), they
may do so by filing a properly noticed motion and offering a basis for their motion to dismiss.
*See, e.g.*, Fed. R. Civ. P. 12(b)(6).[2]  For example, a defendant may bring a bring a motion to
dismiss pursuant to Rule 12(b)(6) to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  A dismissal pursuant to Rule 12(b)(6) may be based either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    For the reasons set forth above, defendants' notices to dismiss, including their accompanying declarations (Doc. Nos. 10–13) shall be STRIKEN.  Defendants are directed to

---

[2] The court notes that defendant Willshee has filed a similar request for dismissal in a related case. *See Inviron Techs., Inc. v. W. States Int'l, Inc. et al.*, No. 1:15-cv-01643-DAD-JLT, Doc. No. 17.  However, in that other case, co-defendants Ingrid Aliet-Gass and Western States International filed a separate motion to dismiss. (*See id.*, Doc. Nos. 25, 28.)  To the extent that motion to dismiss covers claims also alleged against defendant Willshee, the court will liberally interpret defendants Willshee's request for dismissal as a joinder in the motion to dismiss filed by counsel on behalf of defendants Aliet-Gass and Western States International.

serve an answer or otherwise responsive pleading, pursuant to Federal Rule of Civil Procedure 12(a) within fourteen (14) days of this order.

IT IS SO ORDERED.

Dated: **January 12, 2016**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE