UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERWOOD ENERGY, LLC, | No. 1:15-cv-01736-DAD-JLT |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION |
| WESTERN STATES INTERNATIONAL, INC. and INGRID ALIET-GASS, | |
| Defendants. | (Doc. Nos. 15, 17) |
| WESTERN STATES INTERNATIONAL, INC., | |
| Cross-Claimant, | |
| v. | |
| DEREK M. WILLSHEE et al., | |
| Cross-Defendants. | |

This matter came before the court on the motion to remand this case to state court filed on behalf of defendants Western States International, Inc. ("WSI") and Ingrid Aliet-Gass. A hearing on the motion was held February 16, 2016. Anthony Alexander Gorman appeared telephonically on behalf of defendants WSI and Aliet-Gass. Joseph M. Hoats appeared in person on behalf of intervenor Inviron Technologies, Inc. and made a special appearance for attorney Irwin Friedman

1

on behalf of plaintiff Riverwood Energy, LLC.  The court has considered the parties' briefs[1] and oral arguments, and for the reasons set forth below, GRANTS defendants' motion to remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 2011, plaintiff Riverwood Energy, LLC ("Riverwood") filed this action in the Kern County Superior Court.  (*See* Doc. No. 15-1.)  Plaintiff's original complaint identified defendants WSI, Ingrid Aliet-Gass, and ten unnamed defendants, and alleged the following five causes of action:  (1) anticipatory breach of a contract, (2) breach of a written contract, (3) intentional interference with a prospective economic relationship, (4) declaratory relief, and (5) fraudulent concealment.  (*Id.*)  According to plaintiff's original complaint, defendant WSI entered into a Letter of Intent agreement ("LOI") with plaintiff Riverwood in or around June 2009 pursuant to which plaintiff would acquire a 70% working interest from WSI in certain oil and gas leases located in Kern County, California.  (*Id.* at 2–3.)  In exchange, plaintiff would invest in certain capital and agree to provide services with respect to these leases.  (*Id.* at 3.)  In or around July 2009, WSI and Riverwood entered into a Joint Operating Agreement ("JOA") setting forth additional rights and obligations of the parties, with respect to ownership and operation of the oil and gas leases.  (*Id.*)  Plaintiff alleges that thereafter, WSI (through defendant Aliet-Gass) signed documents designating Riverwood as WSI's agent and as the operator of the oil and gas leases.  (*Id.*)  Plaintiff's complaint sought damages and declaratory relief for causes of action arising out of the LOI and JOA between it and WSI.  (*See id.* at 11–12.)

On December 9, 2011, plaintiff Riverwood filed its first amended complaint.  Therein plaintiff alleged substantially similar facts and asserted many of the same causes of action, including:  (1) anticipatory breach of a contract, (2) breach of a written contract, (3) intentional interference with a contractual relationship, (4) intentional misrepresentation, (5) concealment, (6) non-disclosure, and (7) declaratory relief.  (Doc. No. 1 at 5–104.)

On March 12, 2012, defendant WSI filed a first amended cross-complaint against plaintiff Riverwood and at least six additional cross-defendants, including Derek M. Willshee, James R.

---

[1] Plaintiff filed no written opposition to the motion to remand.

Zadko, Jose Miguel Aguilar, International Holdings Inc., Riverwood Resources Pty. Ltd., and an unnamed partnership. (*Id.* at 106–135.) Defendant WSI set forth ten causes of action in its cross complaint: (1) breach of contract; (2) declaration of default and/or judicial dissolution of the JOA between WSI and Riverwood; (3) unjust enrichment; (4) breach of the covenant of good faith and fair dealing; (5) an accounting; (6) breach of fiduciary duty; (7) conversion; (8) civil conspiracy; (9) negligence; and (10) a dissolution of a previous preliminary injunction issued by the state court. (*Id.*)

On October 23, 2015, Inviron Technologies, Inc. ("Inviron"), an intervenor in the instant action, filed a separate complaint for declaratory judgment in this court. *See Inviron Techs., Inc. v. Western States Int'l, Inc.*, No. 1:15-cv-01643-DAD-JLT, Doc. No. 1 (E.D. Cal. Oct. 23, 2015). Inviron's complaint in that action contains allegations similar to many of those in the pleadings filed in this case, and names many of the same parties as defendants.

On November 17, 2015, cross-defendant Jose Miguel Aguilar filed a notice of removal of the instant case from the Kern County Superior Court.[2] (Doc. No. 1.) Cross-defendant Aguilar argues that the contracts at issue in this case relate to property rights affecting oil and gas leases that were granted by the federal government pursuant the Mineral Leasing Act of 1920, 30 U.S.C. § 181 et seq. (*Id.* at 3–4.) Specifically, "[t]he assignment of the operator from Western States International is a 'property right' directly affecting the lease and the terms of the lease." (*Id.* at 4.) Accordingly, he argues, this court has removal jurisdiction because the claims in this case arise under federal law pursuant to 28 U.S.C. § 1331. (*Id.*) On November 24, 2015, pursuant to Local Rule 123, this court issued an order relating the *Inviron* case and the instant case. *Inviron*, No. 1:15-cv-01643-DAD-JLT , Doc. No. 18.

/////

/////

---

[2] To the extent cross-defendant Aguilar's notice of removal includes copies of *all pleadings* served on him, as required by 28 U.S.C. § 1446(a), the court assumes, for purposes of this motion, that (1) plaintiff's first amended complaint (Doc. No. 1 at 5–104) is the operative complaint in this case, and (2) WSI's first amended cross-complaint (*id.* at 106–135) is the operative cross-complaint in this case.

1    On January 15, 2016, defendants WSI and Aliet-Gass filed the instant motion to remand
2 the case back to state court.[3] On January 25, 2016, cross-defendants Willshee and Zadko filed a
3 notice of joinder to join in the instant motion to remand. (Doc. No. 17.) As noted above, plaintiff
4 filed no opposition to the pending motion for remand. Nonetheless, the court heard oral
5 arguments on February 16, 2016.

## LEGAL STANDARD

7    A defendant in state court may remove a civil action to federal court so long as that case
8 could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l*
9 *Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal of a state action may be based on
10 either diversity jurisdiction or federal question jurisdiction. *City of Chicago*, 522 U.S. at 163;
11 *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction is based entirely on
12 federal statutory authority. *See* 28 U.S.C. § 1441 et seq. These removal statutes are strictly
13 construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there
14 are doubts as to the right of removal. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d
15 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083,
16 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant
17 seeking removal of an action from state court bears the burden of establishing grounds for federal
18 jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582
19 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67.

20    Once a case is removed to federal court, a party challenging the removal must move to
21 remand a case "on the basis of any defect other than lack of subject matter jurisdiction" within
22 thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c). Consequently, the
23 procedural requirements of the removal statutes, which exist to protect the parties, may be waived
24 if not raised within the thirty-day window. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir.
25 /////

---

[3] Defendants erroneously filed a substantially identical motion in the related *Inviron* case on December 16, 2015. *See Inviron*, No. 1:15-cv-01643-DAD-JLT, Doc. No. 23. Pursuant to defendants' notice of errata, the court struck that motion. *See id.*, Doc. Nos. 33, 41.

4

2014); Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

Subject matter jurisdiction, however, cannot be waived. *Kelton Arms*, 346 F.3d at 1192. Under § 1447(c), the district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *See also Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary"). An order remanding a case based on a lack of subject matter jurisdiction is not appealable. 28 U.S.C. § 1447(d); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638–39 (2009).

## DISCUSSION

Here, defendants argue that the notice of removal is both procedurally and substantively deficient under the removal statute. Specifically, defendants assert four grounds on which this case should be remanded to state court: (1) cross-defendant Aguilar is not a "defendant" having the power to remove this case under § 1441(a); (2) cross-defendant Aguilar's notice of removal is untimely and barred by § 1446(b)(1); (3) cross-defendant Aguilar fails to show that all co-defendants or defendants consent to removal; and (4) this court lacks federal subject matter jurisdiction.

A.  Procedural Defects

Cross-defendant Aguilar filed his notice of removal with this court on November 17, 2015. Defendants filed their motion to remand this case on January 15, 2016 — twenty-nine days after § 1447(c)'s thirty-day window had closed.[4] Thus, to the extent defendants' motion to remand challenges "any defect other than lack of subject matter jurisdiction," those arguments have been waived. *Kelton Arms*, 346 F.3d at 1192 (holding that § 1447 "consigns procedural formalities to the care of the parties" and "assigns to the court concern for its jurisdictional prerequisites") (internal quotations omitted). Because defendants' first three grounds for remand

---

[4] Defendants' erroneously filed motion to remand in the *Inviron* case is insufficient to bring them in compliance with § 1447(c). While it is a related case, *Inviron* was never removed from state court, and defendants' filing in that case did not adequately put all parties in this action on notice of defendants' intent to seek remand of this case back to state court.

are based on alleged procedural defects, the court declines to remand this case on those bases.[5]
*See, e.g., Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) (noting the requirement that all defendants join a notice of removal is a procedural one); *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992) ("[U]ntimely removal is a procedural rather than a jurisdictional defect.").

B.      Federal Question Jurisdiction

Defendants lastly contend that this case should be remanded for lack of federal subject matter jurisdiction.  For the reasons that follow, the court finds that cross-defendant Aguilar has failed to show that this court has subject matter jurisdiction.

Where the alleged basis for removal to federal court is federal question jurisdiction, the court must determine whether a claim "arises under" federal law using the same "well-pleaded complaint rule" for determining original federal question jurisdiction under 28 U.S.C. § 1331. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009); *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000).  An action "arises under" federal law pursuant to § 1331 if the cause of action (1) is created by federal law, or (2) necessarily requires resolution of a substantial question of federal law.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.* 545 U.S. 308, 314 (2005); *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012).  Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose."  *California*, 215 F.3d at 1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue."  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar*, 482 U.S. at 392). *See also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or

---

[5] Moreover, this court is barred from *sua sponte* remanding a case to state court on non-jurisdictional grounds.  *Kelton Arms*, 346 F.3d at 1193.

6

counterclaim would arise under federal law.").

In his notice of removal, cross-defendant Aguilar alleges:

> [T]he contract . . . granted "operatorship" to Riverwood which under the Mineral Leasing Act which governs BLM Land Leases is a property right in the Land because the Federal Government has to recognize the new operator under the lease in order to produce oil from the lease. The assignment of the operator from Western States International is a "property right" directly affecting the lease and the terms of the lease.

(Doc. No. 1 at 3–4.) Cross-defendant Aguilar's general assertion — that this case relates to federal oil and gas leases granted pursuant the Mineral Leasing Act — fails to establish that this court has federal question jurisdiction over the pending causes of action. Neither plaintiff Riverwood's operative complaint nor defendant WSI's operative cross-complaint, on their face, appears to state a cause of action that is created by federal law. Nor does either pleading identify how a right to relief is otherwise derived from federal law. Each cause of action in those pleadings is squarely rooted in state contract law and describes a dispute between private parties with respect to the LOI and JOA—not the oil and gas leases themselves. (Doc. No. 1 at 6–15, 107–32.)

Furthermore, to the extent cross-defendant Aguilar suggests that because this case relates to leases under the Mineral Leasing Act it involves a substantial federal question, he must show that the state-law claim necessarily raises a federal issue, the federal issue is actually disputed and substantial, and the exercise of federal jurisdiction would not disturb "any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*, 545 U.S. at 314. However, plaintiff's operative complaint alleges only that defendant WSI owns certain oil and gas leases in Kern County, California. (Doc. No. 1 at 7.) While the oil and gas leases are granted pursuant to federal statute, neither plaintiff Riverwood's operative complaint nor defendant WSI's operative cross-complaint raises a state-law claim — i.e., concerning the parties' rights and obligations under the LOI and JOA — that depends on resolution of any substantial federal issue. Thus, cross-defendant Aguilar fails to establish a basis sufficient to confer removal jurisdiction on this court.

/////

CONCLUSION

Because cross-defendant Aguilar has failed to meet his burden of showing this court possesses subject matter jurisdiction over this matter, this court must remand the case to the Kern County Superior Court.  *See* 28 U.S.C. § 1447(c); *Bruns*, 122 F.3d at 1257.

Accordingly, for the reasons set forth above:

1. Defendants' motion to remand this case (Doc. Nos. 15, 17) is GRANTED;
2. This action is REMANDED forthwith to the Kern County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
3. The court DIRECTS the Clerk of the Court to close this action.

IT IS SO ORDERED.

Dated:   **March 4, 2016**                              _____
                                                        UNITED STATES DISTRICT JUDGE